# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT L. ATKINSON, | : | Case No. 3:22-cv-236 |
| Petitioner, | : | |
| vs. | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Kimberly A. Jolson |
| MONTGOMERY COUNTY JAIL or SHERIFF'S DEPT., | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, a former prisoner at the Montgomery County Jail, filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2254 in August 2022. (Doc. 2). On September 14, 2022, the Court entered an Order (Doc. 15) that, in relevant part, granted Petitioner thirty days to show that he met the "in custody" requirement of 28 U.S.C. § 2254, as his habeas corpus Petition and supporting exhibits (Doc. 2) suggested that he did not. Indeed, it appeared from Petitioner's filings that he was not in custody at the time he filed his habeas corpus Petition but instead resided in Columbus, Ohio. Further, in his habeas corpus Petition, Petitioner asserted that he had been released from prison on May 3, 2020, after "'two' judges gave [him] jail time credit and released [him] on 1/24/20 also 3/11/20." (Doc. 2, at PageID 11).

Petitioner has failed to respond to the Court's show cause Order, and the time to do so has now expired. Instead, Petitioner has filed a Motion for Leave to File a Second Amended Complaint that pertains to a separate civil rights action he has filed in Case No. 3:22-cv-192 in this Court and does not address the "in custody" requirement. (*See* Doc. 16). A copy of that motion was also filed in his civil rights action.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–31 (1962). *See also Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power. *See* Fed. R. Civ. P. 41(b). Accordingly, this case should be dismissed for plaintiff's failure to comply with the Court's September 14, 2022 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution and that the Motion to File a Second Amended Complaint (Doc. 16) be **STRICKEN** from the record in this case.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to the magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted).

    **IT IS SO RECOMMENDED.**


Date: October 24, 2022                          /s/ Kimberly A. Jolson
                                                                       KIMBERLY A. JOLSON
                                                                         UNITED STATES MAGISTRATE JUDGE